IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN TOM McCOLLOUGH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 3:17-cv-410-WKW-WC |
| v. | ) |
| | ) |
| PERRY G. MYER, *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 28, 2017, Plaintiff filed this suit regarding an alleged action taken by Defendants, "[t]o make out a false police report for domestic violence against the Plaintiff . . . and issue[ ] a warrant of arrest on the Plaintiff." Doc. 1 at 1. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. Doc. 2. On June 30, 2017, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for "further proceedings and determination or recommendation as may be appropriate." The undersigned subsequently entered an Order (Doc. 7) granting Plaintiff's request to proceed *in forma pauperis* and ordering Plaintiff to amend his complaint, on or before August 24, 2017, to comply with the Federal Rules of Civil Procedure. After setting forth several reasons why Plaintiff's complaint failed to comply with the Federal Rules, the undersigned's Order specifically stated: "**Plaintiff is warned that his failure to amend as required by this order will result in the court's recommendation that this case be**

**dismissed for failure to prosecute this action and abide by the orders of the court.**" Doc. 7 at 7 (emphasis in original). Plaintiff did not file an amended complaint as required by the court. Thus, the undersigned finds it appropriate to recommend dismissal without prejudice of Plaintiff's complaint for failure to prosecute this action and to abide by court orders.[1]

Alternatively, Plaintiff's complaint is due to be dismissed because it fails to comply with the Federal Rules of Civil Procedure for the reasons set forth in the undersigned's previous Order. Plaintiff alleges in his complaint that Defendants "schemed . . . to make out a false police report for domestic violence against the Plaintiff[.]" Doc. 1 at 1. This "scheme" orchestrated by Defendants led "to the Lanett Police Department issu[ing] a warrant of arrest on the Plaintiff." *Id.* Further, Defendants "used the domestic violence

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendants in this case have not been served; obviously, then, they have not moved the court for an order of dismissal. Nonetheless, there is authority within the Eleventh Circuit that permits a court to exercise its own discretion in dismissing a case for a plaintiff's failure to prosecute. *See Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) ("a court may *sua sponte* dismiss a case with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure"); *accord World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (reversing *sua sponte* dismissal for failure to comply with court rules, and citing Rule 41(b) as the source of the district court's authority); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978) (affirming *sua sponte* dismissal and stating that "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure a case may be dismissed with prejudice . . . . [And] [a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* . . . ."); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) ("[Rule] 41(b) allows a defendant to seek the dismissal of an action . . . . In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution. . . ."). The undersigned notes that dismissal *with* prejudice is "plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. V. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005). Here, the undersigned does not recommend dismissal with prejudice because there has not been a clear record of delay or willful conduct by Plaintiff that could be addressed by lesser means. Indeed, as Defendants have not been served, it seems that dismissing Plaintiff's case without prejudice so that Plaintiff may refile the case at a later date, should he so desire, is the appropriate remedy for Plaintiff's failure to prosecute this action.

shelter and center for women where [Defendant] Steve Nix and [Defendant] Perry G. Myer [worked] had Tra[c]y Lnyy [sic] McCulloug[h] to commit fraud." *Id*. at 2. Plaintiff requests "[$]1,000,000 from the attorney Perry G. Myer; [$]1,000,000 and $300 a week from Tracy Lnyy McCollough for life and [$]1,000,000 and [ ] $500.00 [a] week from Steve Nix for life for the pain and suffering of hav[ing] the falsely arrested [sic]." *Id*. at 3. Assuming Plaintiff's assertions are true, and construing them in the light most favorable to Plaintiff, it appears Plaintiff is attempting to assert a claim for civil conspiracy against Defendants.

A claim for civil conspiracy is pursued pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, or Alabama common law. Although Plaintiff's complaint does not allege which civil conspiracy route he intends to pursue, he fails to allege facts that support any of those claims. Indeed, Plaintiff has not alleged an underlying violation of his rights, as required for civil conspiracy claims under § 1983 and Alabama common law.[2] Nor has Plaintiff alleged Defendants conspired against him because of some class-based animus, as required for conspiracy claims asserted under § 1985.[3] Finally, Plaintiff's complaint does not allege

---

[2] The undersigned's previous Order noted:
> Claims for civil conspiracy brought pursuant to § 1983 and Alabama common law require an underlying violation of Plaintiff's rights. *See Newsome*, 431 F. Supp. 2d at 1202 (noting that civil conspiracy requires a violation of the plaintiff's federal rights); *Callens v. Jefferson Cty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000) ("A plaintiff alleging a conspiracy must have a valid underlying cause of action."). Here, the presumed underlying violation of Plaintiff's rights is his right to be free from false arrest under the Fourth Amendment.[2] However, Plaintiff has not pled that his Fourth Amendment rights were violated, nor has he pled any other violation of his federal or state rights. It is incumbent upon him to do so, and to provide the court with sufficient, relevant facts to support his underlying claim. Otherwise, Plaintiff cannot maintain a civil conspiracy claim pursuant to § 1983 or Alabama common law.

Doc. 7 at 5.

[3] The undersigned's previous Order noted:

that Defendants are state actors, which precludes him from maintaining a § 1983 civil conspiracy claim against them.[4]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED for failure to prosecute the action and follow the orders of the court. Alternatively, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before September 19, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is

---

> A conspiracy claim asserted pursuant to 42 U.S.C. § 1985(3) requires a plaintiff to show: "(1) a conspiracy; (2) for the purposes of depriving . . . *any person or class of persons of the equal protection of the laws* . . .; and (3) an act in furtherance of the conspiracy; (4) whereby a person is [injured] . . . or deprived of any right or privilege of a citizen of the United States." *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d 785, 793-94 (11th Cir. 1992).

Doc. 7 at 4 (emphasis added).

> Importantly, . . . § 1985(3) protects "any person or class of persons of the equal protection of the laws[.]" Plaintiff has not alleged facts, even when construed in the light most favorable to him, to suggest Defendants were conspiring against him with any type of class-based animus. Nowhere does Plaintiff allege that Defendants targeted him, discriminated against him, or attempted to prevent him from receiving equal protection under the law because of his race, gender, or disability. Thus, because Plaintiff has failed to allege the Defendants engaged in a conspiracy against him because of some class-based animus, Plaintiff has not asserted a conspiracy claim under § 1985(3).

*Id*. at 5-6.

[4] The undersigned's previous Order noted:

> In addition to Plaintiff's failure to properly state a claim for civil conspiracy pursuant to federal or state law, Plaintiff should note that, in order to recover under § 1983, there must be a showing of state action. Merely private conduct, no matter how wrongful, is not actionable under § 1983. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Doc. 7 at 6.

made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 5th day of September, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE